THE STATE OF NEVADA ON RELATION OF STELLA McMAHAN, FORMERLY STELLA LENORE BAKER, PETITIONER, *v.* THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE FRANK GREGORY, PRESIDING JUDGE THEREOF, RESPONDENT.

No. 4508

June 5, 1962                                    371 P.2d 831

*Springmeyer, Thompson & Dixon* and *Robert A. Groves,* all of Reno, for Petitioner.

*Sidney W. Robinson,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Does the fact of the holding of a pre-trial hearing, of and in itself, constitute the hearing of a contested matter so as to preclude the effectiveness of a later affidavit of prejudice under the provisions of NRS 1.230 (5) ?[1]

There was pending in the respondent district court an action commenced by the relator (formerly Stella Lenore Baker) against her former husband Fay Loftus Baker and his present wife Margaret Rowe Baker, and after issue was joined and before a hearing on any contested matter, a pre-trial conference was held on February 15, 1962, after which, on February 20, 1962, the respondent judge filed his pre-trial order, reading in part, as follows (emphasis being supplied) :

"*It is agreed* that the action is one sounding in equity by which the plaintiff seeks to set aside and vacate a portion of an agreement settling property rights, received in evidence and adopted by the Court in a divorce action  *  *  *  between Stella Lenore Baker,

---

[1] "A judge shall not act as such if either a party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action. The judge shall proceed no further therein but either transfer the action to some other department of the court, if there be more than one department of the court in the district, or request the judge of some other district court of some other district to preside at the hearing and trial of the action. *Every affidavit must be filed before the hearing on any contested matter in the action has commenced, and if no contested matter has been heard in the action prior to the day of the trial thereof, then the affidavit must be filed at least 10 days before the date set* for the trial of the action.  *  *  *" (Emphasis supplied.)

plaintiff, vs. Fay Loftus Baker, defendant. * * * A jury trial has been demanded and *it is agreed* that the action being in equity, the jury verdict will be advisory only upon the Court.

"In addition to the admissions made by the defendant's Answer, *it is agreed and admitted* [that certain land filings had been made.]"

The court then proceeded to state the five affirmative defenses interposed by the defendants, and recited that the issues were joined according to the allegations of the complaint and said affirmative defenses, other than as admitted. It then recited *the stipulation of the parties* for the admission of defendants' exhibits 1, 2, and 3 and recited the specification of each of the parties as to their respective witnesses, and ordered that the matter proceed to trial "upon the issues as herein defined and under the stipulations as herein stated and in the pleadings admitted."

On the day following the filing of such pre-trial order, to wit, February 21, 1962, petitioner filed the statutory affidavit of prejudice and paid the required fee. Thereafter the defendants moved to strike the affidavit of prejudice on the ground that it was not timely filed under the statute and for the further reason that plaintiff had waived any right to file such affidavit by participating in the pre-trial conference. The respondent district judge granted the motion to strike and refused to assign the action, and the relator filed this original petition for a writ of mandamus requiring the respondent district judge to transfer the action to another judge in accordance with the statute.

It is clear that if the affidavit of prejudice was timely filed, the respondent judge was thereby deprived of all discretion in the matter and it became his statutory duty to proceed no further in the action and to assign the case to another judge as provided by law. State ex rel. Moore v. District Court, 77 Nev. 357, 364 P.2d 1073; Tarsey v. Dunes Hotel, 75 Nev. 364, 343 P.2d 910; State ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d 396; State ex rel. Beach v. District Court, 53 Nev. 444, 5 P.2d 535.

This would not be so, however, if the holding of the pre-trial conference and the participation of the parties therein constituted in itself the hearing of a contested matter. That it did not is evident from the nature of the pre-trial order outlined above, and was therefore timely.

The case is, we are satisfied, controlled by our holding in State ex rel. Kline v. District Court, supra, in which we said: "* * * Respondent insists that when the parties appeared in court in response to the notice [to show cause why a temporary injunction should not be issued] and the court announced the case, the hearing commenced, and it was too late, under the statute, to file an affidavit of prejudice. But the parties had not even announced that they were ready to proceed with the hearing. Preliminary matters as to establishing who were counsel of record in the case and as to the recess to permit counsel for defendant an opportunity to examine the second amended complaint were all without objection or contest. The orders that followed were made upon stipulation. In no sense are we able to say with any logic that the hearing of a contested matter in the action had commenced. Accordingly the filing was timely under the statute." We may note that one of the orders there made on stipulation was an order containing in effect a temporary restraining order.

The same situation and the same result apply here as indicated by the italicized portions of the court's pre-trial order above quoted, although the precise question here presented was not determined by the Kline case.

Respondent contends that we should be concerned with what may happen at a pre-trial conference rather than what actually happened, and seeks a ruling of this court to the effect that pre-trial hearings, as such, are contested matters, citing State v. Clark, 125 Wash. 294, 216 P. 17, and State ex rel. Lefebvre v. Clifford, 65 Wash. 313, 118 P. 40.

We do not consider those cases to be in point. The Washington statute cited therein contained no provision that the affidavit of prejudice must be filed before a hearing on a contested matter nor a provision that if no

contested matter be heard in the action prior to the day of the trial thereof, the affidavit must be filed at least 10 days before the date set for trial. Because of this the Washington court built up a procedural rule of its own. In any event the Washington legislature abrogated the rule laid down in State v. Clark, supra, and amended the prior law by legislative enactment. State v. Funk, 170 Wash. 560, 17 P.2d 11; R.C.W. 4.12.050.

[Headnote 3]

The purpose of a pre-trial conference "is to eliminate unnecessary issues, analyze and settle the pleadings by amendments if desirable or necessary, eliminate matters of proof by admissions or stipulations, limit the number of expert witnesses, ascertain whether issues in jury cases may be referred to a master for findings and discuss in a conference preliminary to trial other matters which may expedite the disposition of the action." 1A, Barron and Holtzoff, Federal Practice and Procedure, p. 830 (1960); NRCP 16. It does not necessarily contemplate a hearing on a contested matter. We prefer to determine timeliness by an analysis of all the circumstances of the particular case. Even Washington now recognizes this. State v. Funk, supra. The instant case is a classic example of a pre-trial hearing in which no contested matter was heard. The affidavit of prejudice was not untimely.

Respondent appears to indicate that in the mere participation of a pre-trial hearing the parties "endeavor to learn the trial judge's attitude toward issues of fact and law and [that they may not] thereafter seek to summarily remove the trial judge from further participation in the trial of the case"; that in the pre-trial conference the parties may "determine the attitude of the trial judge with reference to the ultimate outcome of the case and speculate upon whether or not the ultimate rulings of the trial court will be favorable or unfavorable to his cause of action and thereafter claim that an affidavit of prejudice is timely filed." If such appears, it may be that relief could be afforded under other sections of the statute if actual or implied bias could be

shown to exist. However, nothing in the record suggests such a situation.

Respondent also refers to cases where motions to dismiss or motions for a summary judgment had followed pre-trial admissions and pleadings which showed that no issue of fact remained to be determined. Such cases however are not determinative of, nor do they involve, the question before the court.

Respondent further contends that as NRS 1.230(7) provides that "this section shall not apply to the arrangement of the calendar or the regulation of the order of business," it does apply to all other proceedings, and that the section eliminated only those two proceedings and not pre-trial conferences, from which the legislative intent can be seen to be that pre-trial conferences were not eliminated. We see no merit in this contention. The legislature simply left all other proceedings to be classified as either contested or uncontested matters.

Respondent also contends that as this case was initiated in August of 1960 and the pre-trial conference was not held until February, 1962, sinister implications result which should foreclose petitioner from invoking the statute. This was rejected in Davis v. Irwin, 65 Ida. 77, 139 P.2d 474, where that court explained: "Under our practice, where some districts have two judges and others have only one, and where any judge may be called in from an outside district to hear and try a case or hold a term of court, it often happens that neither the litigant nor his attorney knows what judge will try the case until after it is set down for trial."

It is ordered that the respondent judge proceed no further in said action, but either transfer the action to the other department of the court or request the judge of some other district court of some other district to preside at the hearing and trial of said action, with due regard to the provisions of NRS 1.240.

McNAMEE, J., and BREEN, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable Peter Breen, of the Fifth Judicial District, to sit in his place.