NEVADA PAY TV, A PARTNERSHIP, CHARLES ZEIGLER, R. PAUL ZEIGLER, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE JOHN F. MENDOZA, JUDGE, RESPONDENT.

No. 15528

May 28, 1986                    719 P.2d 797

*Lionel Sawyer & Collins,* and *Mark Solomon,* Las Vegas, for Petitioners.

*Gifford & Vernon,* and *Steven Glade,* Las Vegas, for Respondent.

---

# OPINION

*Per Curiam:*[1]

Petitioners are the defendants in an action pending below. Pursuant to SCR 48.1, they filed a peremptory challenge in the district court against the respondent judge, the Honorable John F. Mendoza. Judge Mendoza entered an order striking the challenge on the ground that it was untimely. Petitioners contend, however, that the judge was required to transfer the matter to another department; they assert that he lacked jurisdiction to strike their challenge. Accordingly, petitioners bring this original petition, seeking a writ of mandamus to compel the transfer and a writ of prohibition to restrain further action by Judge Mendoza.

The action below was initiated by the real party in interest Sears Roebuck & Company. Sears sought to depose several of the individual petitioners. Petitioners moved for a protective order, seeking to postpone the depositions to a more convenient date. A hearing on petitioners' motion was set for September 7, 1983, before Judge Mendoza. Thereafter, however, counsel for the parties were able to resolve their dispute and, on September 6, 1983—one day before the scheduled hearing of petitioner's motion—the matter was taken off the calendar.

More than three months later, on December 27, 1983, petitioners filed their peremptory challenge. Sears responded with a motion to strike the challenge as untimely. Judge Mendoza, over petitioners' objection, presided at a hearing on the motion. He subsequently entered an order granting the motion and striking the challenge. This petition followed.

During the events in issue here, Rule 48.1 provided, in pertinent part:

> 1. In any civil action pending in a district court, which has not been appealed from a lower court, each side is entitled, as a matter of right, to one change of judge by peremptory challenge. . . .
>
> . . .
>
> 3. Except as provided in subsection 4, the peremptory challenge shall be filed:
>
> (a) Not less than 30 days before the date set for trial, or hearing of the case; or
>
> (b) Not less than 3 days before the date set for the hearing of any pretrial matter.

---

[1]This petition was previously denied on the merits in an unpublished order of this court. We have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order filed April 24, 1986.

. . .

5. A notice of peremptory challenge may not be filed against any judge who has made any ruling on a contested matter or commenced hearing any contested matter in the action.

6. The judge against whom a peremptory challenge is filed shall transfer the case to another department of the court, if there is more than one department of the court in the district, or request the chief justice to assign the case to the judge of another district.[2]

Relying upon Rule 48.1(6), petitioners first argue that Judge Mendoza lacked jurisdiction to entertain the motion to strike. At any rate, petitioners claim, the challenge was filed within the time limits established by former Rule 48.1(3) and 48.1(5) and should not have been stricken. We consider these arguments in turn.

We have never had occasion to apply Rule 48.1(6) in the factual context presented here. However, NRS 1.235(5)(a), relating to challenges for actual or implied bias, is virtually identical to Rule 48.1(6). Applying that provision, we have held that a judge is not required to transfer a case to another department where an untimely affidavit of prejudice is filed against him. *See* State ex rel. Dep't Welfare v. District Ct., 85 Nev. 642, 462 P.2d 37 (1969). *See also* Jacobson v. Manfredi, 100 Nev. 226, 679 P.2d 251 (1984). The necessary implication of these decisions is that a judge challenged for cause is not thereby divested of jurisdiction, but retains authority to determine whether the challenge is timely.

We see no basis for distinguishing the situation described above from that presented here. Indeed, given the ease with which a peremptory challenge may be asserted, there is even greater danger that the device will be abused—with all the delay and waste of judicial resources that such abuse entails.[3] Accordingly, we reject petitioners' claim that Judge Mendoza was without jurisdiction to entertain the motion to strike.

---

[2]We acknowledge that Rule 48.1(3)(b) has recently been amended. As amended, section (3)(b) provides that a peremptory challenge must be filed at least 3 days "before the date set for the hearing of any *contested* pretrial matter." (Emphasis added.) Nevertheless, the policy considerations underlying the Rule, discussed below, have not been affected by the amendment. Even if our analysis of this case might be different under the present version of the Rule, we are precluded from giving the amendment retroactive application. *See* NRS 2.120 (amendment to supreme court's rules may not take effect less than 30 days after entry of order adopting amendment).

[3]The record does not indicate, nor do we mean to suggest, that the challenge in issue here was filed with any improper motive.

We now turn to the question of whether petitioners' challenge was timely. Sears argued below, and Judge Mendoza agreed, that the challenge was untimely because it was not filed at least "3 days before the date set for the hearing" of petitioners' motion for a protective order. SCR 48.1(3)(b). In arguing to the contrary, petitioners appear to assume that the sole purpose of Rule 48.1 is the prevention of "judge shopping." While that of course is one function of the Rule, the Rule is also intended to minimize the danger that the peremptory challenge will be used as a dilatory tactic. Under the Rule, the privilege of asserting the challenge must be exercised quickly or else lost forever. The operation of the Rule will be hindered, we believe, unless its provisions are strictly construed. *See* United States v. Conforte, 457 F.Supp. 641, 654 n. 7 (D.Nev. 1978), *aff'd,* 624 F.2d 869 (9th Cir.), *cert. denied,* 449 U.S. 1012 (1980). Accordingly, we conclude that the phrase "any pretrial matter," as used in former Rule 48.1(3)(b), must be read literally. Because petitioners' challenge was not filed at least "3 days before the date set for the hearing of any pretrial matter," it follows that the challenge was untimely.

Having concluded that petitioners' arguments are without merit, we deny their petition.

It is so ORDERED.