67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tudor CHIRILA, Plaintiff-Appellant,
v.
David ZENOFF, Defendant-Appellee.
 No. 95-15598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 MEMORANDUM**
 Tudor Chirila appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against family-law judge David Zenoff ("Justice Zenoff"). Chirila alleged that Justice Zenoff violated Chirila's due process rights by holding him in contempt of court and incarcerating him in violation of Nevada law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 Chirila contends that the district court erred by dismissing his complaint for failure to state a claim because Justice Zenoff was not entitled to absolute immunity. Specifically, Chirila contends that Justice Zenoff acted in the clear absence of all jurisdiction by holding Chirila in contempt of court and incarcerating Chirila because Nevada law mandated that Justice Zenoff refrain from further action in the proceeding once Chirila filed a recusal motion. This contention lacks merit.
 Judges are immune from liability for damages in section 1983 actions for acts committed within the scope of their judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-57 (internal quotations omitted); accord Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). To determine if a judge acted in the clear absence of all jurisdiction, we focus on whether the judge was acting beyond the scope of the subject-matter jurisdiction of the court. See Stump, 435 U.S. at 356-57; Ashelman, 793 F.2d at 1076. Where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case." Stump, 435 U.S. at 356 n. 6 (emphasis added); accord Ashelman, 793 F.2d at 1076.
 Here, there is nothing in Chirila's complaint which indicates that Justice Zenoff's court lacked subject-matter jurisdiction over the proceedings. Chirila admitted in his complaint that Justice Zenoff was duly appointed "to act as judge in a family law matter involving [Chirila] and his former spouse." The contempt hearings were directly related to a lawful order that was entered in the divorce proceedings. Justice Zenoff may have better advised had he refrained from further action, but he did not act in the clear absence of all jurisdiction. Cf. Stump, 435 U.S. at 356; Ashelman, 793 F.2d at 1076; Nevada Pay TV v. Eighth Judicial Dist. Ct., 719 P.2d 797, 798 (Nev.1986) (holding that judge retained jurisdiction to determine whether affidavit alleging bias was timely) (Per Curiam). Accordingly, Justice Zenoff is immune from liability. Stump, 435 U.S. at 356; Ashemlan, 793 F.2d at 1076.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3