JOSEPH R. GALLEN, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE GERARD J. BONGIOVANNI, DISTRICT JUDGE, RESPONDENTS, AND JAMES W. KING, REAL PARTY IN INTEREST.

No. 27149

February 29, 1996                                    911 P.2d 858

---

*Joseph R. Gallen,* In Proper Person, Las Vegas, for Petitioner.

*Crockett & Myers,* Las Vegas; *Peter Chase Neumann,* Reno, for Real Party in Interest.

## OPINION

*Per Curiam:*

This is an original petition for a writ of prohibition and mandamus filed "in proper person" by petitioner, Joseph Gallen, an attorney with David Allen & Associates ("David Allen"). It appears that Gallen seeks a writ from this court directing the district court to enter his peremptory challenge and transfer the underlying action to a different department of the district court pursuant to SCR 48.1. It appears further that, in the alternative,

Gallen requests that this court direct real party in interest James King to accept Gallen's terms for a stipulated dismissal pursuant to NRCP 41(a).[1]

Because it appeared that Gallen may have set forth issues of arguable merit, on June 29, 1995, we ordered King to file an answer to the petition. King filed his answer on July 19, 1995.

We have reviewed the documents on file, and we have determined that extraordinary relief is not warranted. Specifically, NRCP 41(a)(1) provides that a plaintiff may unilaterally dismiss an action at any time before the defendant has filed an answer or a motion for summary judgment. We conclude that Gallen has been dismissed from the underlying action.

## FACTS

David Allen is the plaintiff in the underlying action against King. King filed a counterclaim against David Allen and subsequently filed an amended counterclaim against David Allen and a third party complaint against Gallen both in his capacity as an employee of David Allen and as an individual. David Allen moved to dismiss the amended counterclaim. Gallen filed a joinder in David Allen's motion and immediately thereafter, in his capacity as a party distinct from David Allen, filed a peremptory challenge to the district judge pursuant to SCR 48.1. King then filed a notice of judgment of dismissal of the third party complaint against Gallen voluntarily pursuant to NRCP 41(a)(1). King also moved to strike Gallen's peremptory challenge. The district court granted King's motion to strike the challenge, and the case was transferred back to the original judge. Gallen then filed this petition with this court and moved to stay the proceedings in the district court pending resolution of the instant petition.

## DISCUSSION

I.  *Gallen has been dismissed from the underlying action.*

Gallen contends that because he filed a joinder in David Allen's motion to dismiss and a supporting affidavit, the motion to dismiss became a motion for summary judgment pursuant to the language of NRCP 12(b).[2] Gallen concludes that King was

---

[1]The pertinent language of NRCP 41(a) appears at footnote 3, *infra.*

[2]NRCP 12(b) provides in pertinent part as follows:

> If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

barred from dismissing Gallen voluntarily because a motion for summary judgment had, in effect, been filed. NRCP 41(a).[3]

NRCP 41(a), by its express terms, applies only to a motion for summary judgment or an answer, not to a motion to dismiss. Under the plain language of NRCP 12(b), a motion to dismiss remains a motion to dismiss until converted by the district court into a motion for summary judgment. This conversion occurs, if at all, only when the district court enters a formal written order resolving the motion, and actually considers materials outside the pleadings in resolving the motion. *See, e.g.*, Aamot v. Kassel, 1 F.3d 441, 443 (6th Cir. 1993); *see also* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2362 (1994).[4]

While a motion to dismiss is pending, the plaintiff retains the right to dismiss the complaint voluntarily pursuant to NRCP 41(a). If the defendant wishes to protect herself from the plaintiff's right to dismiss her voluntarily, she may file an answer or a formal motion for summary judgment. Similarly, once the district court rules on a motion to dismiss, and concludes that it should be considered a motion for summary judgment, the plaintiff loses the right to dismiss voluntarily, even though the document was originally titled a motion to dismiss.

Here the district court had not converted David Allen's motion to dismiss into a motion for summary judgment before King voluntarily dismissed Gallen. The motion remained a motion to dismiss, and King could voluntarily dismiss the third party com-

---

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[3]NRCP 41(a) provides in pertinent part as follows:

(a) Voluntary Dismissal: Effect Thereof.

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute, an action may be dismissed by the plaintiff upon repayment of defendants' filing fees, without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

[4]A motion to dismiss is neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment; thus, *unless formally converted into a motion for summary judgment under Rule 56*, a motion to dismiss under Rule 12 does not terminate the right of dismissal [pursuant to Rule 41] by notice.

9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (1994) (emphasis added).

plaint pursuant to NRCP 41(a)(1). Accordingly, we conclude that Gallen has in fact been dismissed from the action.

## II.   *Gallen had no right to exercise a peremptory challenge.*

Gallen contends that as a new party to the action, he was entitled to exercise a peremptory challenge to the district judge even though David Allen had already waived its right to do so. We conclude that because Gallen is on the same side of the action as David Allen, he had no right to exercise a peremptory challenge. *See* SCR 48.1.[5]

Accordingly, we deny this petition.

---

[5]SCR 48.1 provides in pertinent part, "In any civil action pending in a district court . . . each side is entitled, as a matter of right, to one change of judge by peremptory challenge. Each action or proceeding, whether single or consolidated, shall be treated as having only two sides."