OPINION

Per Curiam:

FACTS

On December 8, 1995, real party in interest Kurt Hermann Wolf filed a petition for judicial review of the revocation of his *1340 driver’s license by the Department of Motor Vehicles (“DMV”). Mr. Wolf and the DMV agreed to stay the revocation pending a decision on the petition; consequently, on December 14, 1995, they submitted to the district court a joint stipulation and order for stay. Judge Sally Loehrer signed the order and filled in blank spaces setting security for issuance of the stay at $100.
On February 23, 1996, Mr. Wolf filed his opening brief in the district court. On March 14, 1996, the DMV filed a peremptory challenge against Judge Loehrer. Then, on March 29, 1996, after the court clerk had reassigned the case to another department, Mr. Wolf moved to strike the peremptory challenge and noted in its caption that Judge Loehrer would be hearing the motion. After the DMV advised the court clerk that Judge Loehrer should not hear the motion, given the prohibition of SCR 48.1(6)[1], the clerk authorized transfer of the hearing to the department to which the case had been reassigned. Judge Loehrer subsequently directed the clerk’s office to transfer the hearing back to her department and advised the DMV of the change.
On April 10, 1996, Judge Loehrer rejected the DMV’s argument that she lacked jurisdiction to preside over the hearing and granted the motion to strike on the basis that the setting of the bond amount, though not contested, involved an exercise of discretion that rendered the peremptory challenge untimely. On April 29, 1996, following entry of the court’s written decision and order striking the peremptory challenge, the DMV filed this petition for a writ of prohibition preventing Judge Loehrer from presiding over this case. This court stayed the district court proceedings pending resolution of this petition.

DISCUSSION

The DMV contends Judge Loehrer did not have jurisdiction to strike the peremptory challenge because SCR 48.1(6) prohibited her from directing the court clerk to transfer the motion back to her for consideration. Relying on Nevada Pay TV v. District Court, 102 Nev. 203, 719 P.2d 797 (1986), Mr. Wolf contends Judge Loehrer had jurisdiction to determine whether the challenge was timely. He argues SCR 48.1(6) simply specifies the procedure for reassigning cases.
In Nevada Pay TV, this court held that a judge against whom a *1341 peremptory challenge is filed retains jurisdiction to determine whether the challenge is timely. During the time at issue in that case, SCR 48.1(6) made the challenged judge responsible for transferring the case. SCR 48.1 has since been amended, however; now, subsection (2) makes the clerk of the court responsible for reassigning the case within 2 days after a peremptory challenge is filed, and subsection (6) provides “[t]he judge against whom a peremptory challenge is filed shall not contact any party or the attorney representing any party, nor shall the judge direct any communication to the clerk of the district court with respect to reassignment of the case in which the peremptory challenge was filed.” Under the plain language of subsection (6), Judge Loehrer had no authority to order the clerk to transfer the case back to her after it had been reassigned.
The change in procedure wrought by the amendment of SCR 48.1 supersedes Nevada Pay TV, but it does not specify which judge has jurisdiction to determine the timeliness of a peremptory challenge. We conclude that under the new rule, the original judge retains jurisdiction to determine whether the challenge is timely until the court clerk reassigns the case. Once the case has been reassigned, however, the challenged judge is divested of all jurisdiction, and the judge to whom the case is reassigned must resolve the issue of timeliness. In this case, Judge Loehrer did not have jurisdiction to consider the issue of timeliness because the clerk reassigned the case before Mr. Wolf filed his motion to strike the peremptory challenge.
The DMV also contends there was no basis for granting the motion to strike. SCR 48.1(5) provides “[a] notice of peremptory challenge may not be filed against any judge who has made any ruling on a contested matter or has commenced hearing any contested matter in the action.” NRS 233B. 140(3), governing the procedure for stay of a final agency decision in a contested case, requires the petitioner to provide security before the court may issue a stay. The DMV asserts Judge Loehrer did not rule on a contested matter even though she exercised discretion in setting the security amount for the stipulated stay. Mr. Wolf notes the parties did not agree on the amount of security that would be required, but he does not assert the matter was contested. Instead, he equates any exercise of discretion with a ruling on a contested matter and argues a peremptory challenge cannot be filed thereafter. Neither logic nor case law supports that interpretation of SCR 48.1(5).
In State ex rel. McMahan v. District Court, 78 Nev. 314, 371 *1342 P.2d 831 (1962), this court considered whether the holding of a pre-trial hearing necessarily constituted the hearing of a contested matter so as to prevent a party from later filing an affidavit of prejudice under NRS 1.230(5). We concluded it did not. No contested matter was heard in the pre-trial hearing; the court’s pre-trial order simply memorialized the parties’ agreements, admissions and stipulations. In reaching our determination, we relied upon State ex rel. Kline v. District Court, 70 Nev. 172, 264 P.2d 396 (1953), which held there had been no contested hearing even though the parties had appeared at a hearing to show cause why a temporary injunction should not be issued and stipulated orders had subsequently been entered.
Similarly, in this case, nothing was contested; the parties stipulated to the stay. The judge was required by statute to set security, but the amount was not a contested matter. Thus, although Judge Loehrer exercised discretion in setting the amount at $100, she did not make “any ruling on a contested matter.”
Mr. Wolf asserts the challenge was also untimely because it was brought after he filed his opening brief, thereby commencing the contested proceeding. Citing Smith v. District Court, 107 Nev. 674, 818 P.2d 849 (1991), he argues the policy underlying SCR 48.1 requires the presentation of peremptory challenges before contested proceedings have commenced so that a party cannot disqualify a judge who had made an unfavorable ruling. Mr. Wolf’s generalization is too broad. Smith reiterates the rule that litigants may not file a peremptory challenge against a judge who has heard a contested matter. As previously noted, however, Judge Loehrer did not hear a contested matter. Permitting the DMV to file a peremptory challenge after the judge set the amount of security for the stipulated stay at $100 and after Mr. Wolf filed his opening brief violates neither the letter nor the purpose of the rule, which is to keep parties from testing the waters, then challenging the judge if rulings are not in accord with their hopes. See Smith, 107 Nev. at 678, 818 P.2d at 852. Because Judge Loehrer had not ruled on any contested matter, the peremptory challenge was timely and should not have been stricken.
A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Petitions for extraordinary writs are addressed to the sound discretion of the court. State ex rel. Dep’t Transp. v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983). A writ of *1343 prohibition may issue only when there is no plain, speedy, and adequate remedy at law. NRS 34.330. That is the case here.
Accordingly, we grant this petition for a writ of prohibition. The clerk of this court shall forthwith issue a writ of prohibition preventing Judge Loehrer from presiding over this case. In light of this opinion, we vacate in its entirety our order staying all proceedings in the district court.

 SCR 48.1(6) reads: “The judge against whom a peremptory challenge is filed shall not contact any party or the attorney representing any party, nor shall the judge direct any communication to the clerk of the district court with respect to reassignment of the case in which the peremptory challenge was filed.”