An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TANYA G.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; ROMAN G.;
B.G.; AND B.G.,
Real Parties in Interest.

No. 68828

FILED

OCT 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging the district court clerk's rejection of petitioner's peremptory challenge as untimely because it was submitted less than 3 days before the adjudicatory hearing in the underlying NRS Chapter 432B proceeding. Real party in interest Roman G. has filed a joinder to the petition.

Having considered the parties' arguments and the record before this court, we conclude that petitioner has not demonstrated that our intervention is warranted at this time. *Pan v. Eighth Judicial Dist.*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-33053

*Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Petitioner seeks extraordinary relief from this court in the first instance without first seeking some form of relief in the district court. *See State ex rel. List v. Cty. of Douglas*, 90 Nev. 272, 276–77, 524 P.2d 1271, 1274 (1974) ("this court prefers that such an application [for extraordinary relief] be addressed to the discretion of the appropriate district court" in the first instance), *abrogated on other grounds by Att'y Gen. v. Gypsum Res., LLC*, 129 Nev., Adv. Op. 4, 294 P.3d 404, 411 (2013).

There is no indication that petitioner has presented to the district court in the first instance the issues raised in this petition including whether the clerk of the district court has a ministerial duty to file the peremptory challenge, *see Bowman v. Eighth Judicial District Court*, 102 Nev. 474, 478, 728 P.2d 433, 435 (1986) (stating that absent contrary instructions from the court, the clerk has a ministerial duty to file documents presented in the proper form and has no judicial discretion to determine a document's propriety), and whether the challenge was timely under SCR 48.1, *see State, Department of Motor Vehicles & Public Safety v. Eighth Judicial District Court*, 113 Nev. 1338, 1341, 948 P.2d 261, 262 (1997) (noting that the original judge retains jurisdiction to determine whether a peremptory challenge is timely until the clerk reassigns the case). The district court is in the better position to develop the factual and legal issues and provide this court with an adequate record for review.

Accordingly, because the issues raised in this petition are more appropriately addressed to the district court in the first instance, we deny this petition. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that a petition for extraordinary writ relief is purely discretionary with this court).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Robert Teuton, District Judge, Family Court Division
       Aaron Grigsby
       Lewis Roca Rothgerber LLP/Las Vegas
       Attorney General/Carson City
       Legal Aid Center of Southern Nevada, Inc.
       Christopher R. Tilman
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk