# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TIFFANI D. HURST,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>WILLIAM S. POTTER, DISTRICT<br>JUDGE,<br>Respondents,<br>  and<br>ROBERT JOHNSON,<br>Real Party in Interest. | No. 70142<br><br>FILED<br><br>APR 20 2016<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |
| TIFFANI D. HURST,<br>Appellant,<br>vs.<br>ROBERT JOHNSON,<br>Respondent. | No. 70191 |

## ORDER DENYING PETITION (DOCKET NO. 70142) AND DISMISSING APPEAL (DOCKET NO. 70191)

This is an original pro se petition for a writ of mandamus or prohibition arising from a relocation matter (Docket No. 70142) and a pro se notice of appeal apparently informing the court that petitioner has filed the petition for a writ (Docket No. 70191).

As to petitioner's argument in the writ proceeding regarding the peremptory challenge, we conclude it was properly rejected as untimely because the district court had already commenced hearing a contested matter regarding real party in interest's visitation schedule with the child. *See* SCR 48.1(5) (providing that a notice of peremptory

16-12361

challenge may not be filed against a judge who has made any ruling on or commenced hearing a contested matter); *see also State, Dep't Motor Vehicles & Pub. Safety v. Eighth Judicial Dist. Court*, 113 Nev. 1338, 1342, 948 P.2d 261, 263 (1997) (explaining that SCR 48.1(5)'s purpose is to prevent parties from testing the waters and then challenging a judge who rules unfavorably). As to petitioner's other arguments, we conclude that petitioner has not demonstrated that our intervention by extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). We note that the matter is scheduled for an evidentiary hearing on May 11, 2016. Petitioner may appeal from an order finally resolving issues as to visitation, if aggrieved. *See id.* at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief); *see also* NRAP 3A(b)(7) (allowing an appeal from an order finally altering child custody). Accordingly, we decline to intervene in this matter and we deny the petition in Docket No. 70142. *See* NRAP 21(b)(1); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (stating that a petition for extraordinary writ relief is purely discretionary with this court).[1]

Further, the notice of appeal informing the court of the filing of the writ petition fails to identify any appealable order. And it appears from the district court docket entries and minutes that no appealable order has been entered. *See* NRAP 3A. A notice of appeal filed before entry of a final written judgment is premature and of no effect. *See* NRAP 4(a)(1); *Rust v. Clark Cty. School Dist.*, 103 Nev. 686, 747 P.2d 1380

---

[1]Petitioner's emergency motion to stay the district court proceedings pending this court's ruling on the writ petition is denied as moot.

(1987).  We conclude that we lack jurisdiction over the appeal in Docket No. 70191 and therefore dismiss it.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. William S. Potter, District Judge, Family Court Division
       Tiffani D. Hurst
       Standish Naimi Law Group
       Eighth District Court Clerk