# IN THE SUPREME COURT OF THE STATE OF NEVADA

REJUVENICE VEGAS, LLC, A REVOKED NEVADA LIMITED LIABILITY COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE LINDA MARIE BELL, CHIEF JUDGE,
Respondents,
  and
PATRICIA TAKABA, INDIVIDUALLY AND AS NATURAL MOTHER OF DECEASED, CHELSEA AKE-SALVACION; ALBERT AKE, SPECIAL ADMINISTRATOR OF ESTATE OF CHELSEA AKE-SALVACION; CHARLES SALVACION, INDIVIDUALLY AND AS NATURAL FATHER OF DECEASED, CHELSEA AKE-SALVACION; CRYOHEALTHCARE, INC., A CALIFORNIA CORPORATION; CRYOMACHINES, INC., A CALIFORNIA CORPORATION; CRYOMACHINES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; JUKA, SP. Z.O.O. SP. K.; JUKA SP. ZO.O. SP.K; JUKA, SP. Z O.O.; JUKA, A POLAND COMPANY; REJUVENICE, LLC, A DISSOLVED NEVADA LIMITED LIABILITY

No. 78375

FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
       DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

19-44855

COMPANY; AND EXTRAORDINAIRE LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Parties in Interest.

JUKA SP. Z O.O. SP. K; AND JUKA, SP. Z O.O.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JAMES CROCKETT, DISTRICT JUDGE,
Respondents,
and
PATRICIA TAKABA, INDIVIDUALLY AND AS NATURAL MOTHER OF DECEASED, CHELSEA AKE-SALVACION; AND ALBERT AKE, SPECIAL ADMINISTRATOR OF ESTATE OF CHELSEA AKE-SALVACION,
Real Parties in Interest.

No. 78396

### ORDER GRANTING PETITION FOR WRIT OF MANDAMUS (NO. 78375) AND DENYING PETITION FOR WRIT OF MANDAMUS (NO. 78396)

These consolidated original petitions for a writ of mandamus challenge district court orders granting motions to strike peremptory challenges.

### FACTS AND PROCEDURAL HISTORY

These original proceedings involve the same underlying facts. Chelsea Ake-Salvacion was employed by petitioner Rejuvenice Las Vegas, LLC, and died from asphyxiation while using a cryosauna after hours at work. The cryosauna was manufactured by the JUKA entities, who are

petitioners/real parties in interest here. Real parties in interest also include Ake-Salvacion's estate and heirs (collectively, the heirs), who brought two actions in the district court to recover damages for her death. Those actions were assigned to Judge Williams and consolidated upon stipulation of the parties. The consolidated actions also named real parties in interest Cryohealthcare, Inc., Cryomachines, Inc., and Cryomachines, LLC (collectively, Cryo) and Rejuvenice as defendants.

The heirs filed a joint motion seeking to file a second amended complaint to amend JUKA's name as provided in the Polish registry in order to effectuate service under the Hague Convention and to extend time to complete international service of the same. In response, Cryo filed a limited opposition and motion requesting that if the district court granted the heirs' motion, the district court also require them to remove a now non-existent Cryo entity as a defendant in the complaint. The district court conducted a hearing on the motion on July 10, 2018. The district court granted the heirs' motion and further ordered that the parties stipulate to the corporations to be named.

Rejuvenice filed a peremptory challenge of Judge Williams pursuant to SCR 48.1 on August 21, 2018, and the court clerk reassigned the matter to then-District Judge Cadish. Thereafter, the heirs filed a motion to strike the peremptory challenge, arguing that it was untimely. The heirs claimed that Cryo's objection to the second amended complaint constituted a contested matter under SCR 48.1, and thus the deadline to file a peremptory challenge under SCR 48.1(3) was July 6, 2018, at the latest. In opposition, Rejuvenice averred that the district court did not hear a contested matter; instead, Rejuvenice maintained the "limited opposition"

SUPREME COURT
OF
NEVADA

(O) 1947A

3

concerned the technical correction of a proper name, which was resolved at the hearing.

After conducting a hearing on the motions, Judge Cadish found that Cryo declined to stipulate to the heirs' amendment to the complaint because they sought an additional change to the pleadings. As a result, Judge Cadish determined that the parties did not stipulate to the corporations' names at the hearing and that the hearing itself was a contested hearing. Judge Cadish thus concluded that the peremptory challenge was untimely, granted the heirs' motion to strike, and reassigned the case back to Judge Williams. Rejuvenice challenges this ruling in Docket No. 78375.

Meanwhile, the heirs served JUKA. JUKA filed a peremptory challenge, and the matter was reassigned to Judge Crockett. The heirs moved to strike the peremptory challenge, arguing that the challenge was untimely and violated the one-peremptory-challenge–per-side rule of SCR 48.1(1). JUKA maintained that the district court should read SCR 48.1 equitably to allow JUKA to file a peremptory challenge because it was not a party to the action at the time of the first peremptory challenge. JUKA also brought a countermotion for declaratory relief, arguing that striking the peremptory challenge would run afoul of constitutional and public policy considerations. Judge Crockett granted the heirs' motion to strike because Rejuvenice's prior peremptory challenge foreclosed any further challenges under SCR 48.1. In addition, Judge Crockett denied the countermotion for declaratory relief because SCR 48.1 does not implicate a constitutional right. JUKA challenges Judge Crockett's ruling in Docket No. 78396.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious

exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160. Where there is no plain, speedy, and adequate remedy in the ordinary course of law, extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "Extraordinary relief is the appropriate remedy when the district court improperly grants or fails to grant a peremptory challenge under SCR 48.1." *Turnipseed v. Truckee-Carson Irr. Dist.*, 116 Nev. 1024, 1029, 13 P.3d 395, 398 (2000). Whether a writ of mandamus will be considered is within this court's sole discretion. *Okada v. Eighth Judicial Dist. Court*, 134 Nev. 6, 8, 408 P.3d 566, 569 (2018). We review a district court's interpretation of a court rule de novo. *Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006).

Because there is no plain, speedy, and adequate remedy in the ordinary course of law and because the district court judge improperly granted the heirs' motions to strike the peremptory challenge in Docket No. 78375, we exercise our discretion to consider these petitions for extraordinary relief.

*Docket No. 78375*

Rejuvenice argues that Judge Cadish erred by granting the heirs' motion to strike its peremptory challenge because the court incorrectly found that the July 10 hearing constituted a contested hearing. We agree.

Pursuant to SCR 48.1(1), each side in a civil action "is entitled, as a matter of right, to one change of judge by peremptory challenge." However, a litigant waives its right to exercise a peremptory challenge once a judge has heard a contested matter in the action. SCR 48.1(5). In

determining whether a district court heard a contested matter, we consider what actually occurred at the hearing. *See State, Dep't. of Motor Vehicles & Pub. Safety v. Eighth Judicial Dist. Court,* 113 Nev. 1338, 1342, 948 P.2d 261, 263 (1997) (concluding that an exercise of discretion in setting security as required by statute cannot transform a stipulated stay into a contested matter); *State ex rel. McMahan v. First Judicial Dist. Court,* 78 Nev. 314, 316-17, 371 P.2d 831, 832-33 (1962) (determining that no contested matter existed where a court's pretrial order memorialized the parties' agreement); *State ex rel. Kline v. Eighth Judicial Dist. Court,* 70 Nev. 172, 175-76, 264 P.2d 396, 397 (1953) (concluding that no contested hearing occurred where the parties appeared at a hearing to show cause, but the resulting orders were made upon stipulation).

Cryo did not oppose the heirs' motion to file a second amended complaint but instead requested that the district court require the heirs to remove a now non-existent entity as a named defendant should the district court grant the motion. At the July 10 hearing, Judge Williams ordered the parties to stipulate to the corporations to be named. We conclude that this order did not transform the nature of the proceedings into a contested hearing—irrespective of whether the parties stipulated to the named corporations during or after the hearing. As such, we conclude that Rejuvenice's peremptory challenge of Judge Williams was proper because it was filed before a contested matter occurred in the case. *See Turnipseed,* 116 Nev. at 1029, 13 P.3d at 398. Accordingly, we grant the petition in Docket No. 78375.

*Docket No. 78396*

JUKA argues that SCR 48.1 is not an absolute rule and that this court should relax its limitations to provide for an equitable result.

Namely, that SCR 48.1's one-strike-per-side rule should not apply because JUKA was not served until 13 months after the complaint was filed, and it had no standing to assert an SCR 48.1 challenge until that time. We disagree.[1]

In relevant part, SCR 48.1(1) provides that each side in a civil action may, as a matter of right, change the presiding judge by peremptory challenge. Under this rule, "[e]ach action or proceeding, whether single or consolidated, shall be treated as having only two sides." SCR 48.1(1). "If one of two or more parties on one side of an action files a peremptory challenge, no other party on that side may file a separate challenge." *Id.*

JUKA improperly cites to a 2013 unpublished order of this court, and its reliance on this order is misplaced. *See* NRAP 36(c)(3); *Tradewinds Bldg. & Dev., Inc. v. Eighth Judicial Dist. Court*, No. 61796, 2013 WL 3896543, at *1 (July 23, 2013) (recognizing the impossibility of complying with SCR 48.1's timing requirements where consolidation and reassignment to a new judge occurred less than three days before a contested hearing and announcing a new rule in such instance). SCR 48.1 contemplates the action here and does not necessitate an equitable result. *See Gallen v. Eighth Judicial Dist. Court*, 112 Nev. 209, 213, 911 P.2d 858, 860 (1996) (detailing that a new party to an action has no right to exercise a peremptory challenge where a party on the same side of the action waived

---

[1]JUKA additionally argues that SCR 48.1 violated its constitutional rights. The district court found that SCR 48.1, as a creature of statute, does not implicate a constitutional right. We agree and conclude that JUKA's constitutional arguments lack merit. *Compare* SCR 48.1 (providing a qualified right to a peremptory challenge), *with* 28 U.S.C. § 455 (1990) (providing for disqualification of a judge upon a showing of good cause).

its right to do so). JUKA and Rejuvenice are both named defendants in the action below, and Rejuvenice filed the first peremptory challenge, thus foreclosing the right to any future challenges by any other named defendant in the action. Accordingly, we deny the petition in Docket No. 78396.

## CONCLUSION

For the reasons stated above, we grant the petition in Docket No. 78375 and instruct the clerk of this court to issue a writ of mandamus directing the district court to vacate the order striking Rejuvenice's peremptory challenge, reassign the matter to a different judge, and vacate all orders entered in this matter after the date on which Rejuvenice filed its peremptory challenge. However, we deny the petition for a writ of mandamus in Docket No. 78396.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Hardesty                              Stiglich

cc:   Hon. Linda Marie Bell, Chief Judge
      Hon. James Crockett, District Judge
      Olson, Cannon, Gormley, Angulo & Stoberski
      Hall Jaffe & Clayton, LLP
      Bradley Drendel & Jeanney
      Bertoldo Baker Carter & Smith
      Cohen Johnson Parker Edwards
      Messner Reeves LLP
      Richard Harris Law Firm
      Eighth District Court Clerk