129 Nev., Advance Opinion 66

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF RONALD N. SEROTA, BAR NO. 7904. | No. 57960 |
| IN THE MATTER OF DISCIPLINE OF RONALD N. SEROTA, BAR NO. 7904. | No. 59551 |
| IN THE MATTER OF DISCIPLINE OF RONALD N. SEROTA, BAR NO. 7904. | No. 60719 |

**FILED**

OCT 03 2013

Automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney be disbarred from the practice of law in Nevada (Docket No. 57960); original petition by bar counsel to report attorney convicted of crime (Docket No. 59551); original petition by attorney for dissolution of order temporarily suspending him from the practice of law (Docket No. 60719).

*Recommendation approved (Docket No. 57960); petitions denied as moot (Docket Nos. 59551/60719).*

Ronald N. Serota, Las Vegas,
in Proper Person.

David Clark, Bar Counsel, and Glenn Machado, Assistant Bar Counsel, Las Vegas,
for the State Bar of Nevada.

13-29452

BEFORE PICKERING, C.J., GIBBONS, HARDESTY, PARRAGUIRRE, DOUGLAS, CHERRY and SAITTA, JJ.

*OPINION*

PER CURIAM:

These bar matters, though separately docketed, all involve the same attorney, Ronald N. Serota, Bar No. 7904. They are not consolidated; however, we have elected to resolve them in a single disposition.[1]

Docket No. 57960 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that Serota be disbarred from the practice of law in Nevada. *See* SCR 105(3)(b). Serota misappropriated $319,000 in client funds that were to be used to satisfy a judgment in a Securities and Exchange Commission (SEC) action against the client. He asks us to impose a lesser sanction, contending that because of mitigating factors, we should merely suspend him from the practice of law and/or refer him to a diversion program. On de novo review, we conclude that disbarment is the proper sanction and therefore approve the panel's recommendation.

Docket No. 59551 is an original petition by bar counsel advising us that Serota has been convicted of a felony for the same conduct underlying the disciplinary matter. *See* SCR 111(4). Docket No. 60719 is

---

[1]We originally decided these matters in an unpublished order filed May 24, 2013. Bar counsel subsequently filed a motion pursuant to NRAP 36(f) to reissue our order as an opinion. We grant the motion and therefore issue this opinion in place of our prior order.

an original petition by Serota seeking dissolution of our prior order temporarily suspending him from the practice of law.[2] *See* SCR 102(4)(d). We conclude that the petitions in Docket Nos. 59551 and 60719 have been rendered moot as a result of our decision in Docket No. 57960 that Serota be disbarred from the practice of law.

## FACTS AND PROCEDURAL HISTORY

*Docket No. 57960*

Serota represented a client in an action by the SEC. The SEC alleged that the client engaged in accounting practices that were violative of federal law. On August 3, 2009, Serota's client signed a consent to entry of judgment, which was filed with the federal court on August 27, 2009.

In anticipation of this negotiated outcome, the client paid Serota all of the monies necessary to satisfy the judgment in advance, by way of 14 checks totaling $319,901.59 written between July 2 and July 24, 2009. The checks were deposited into Serota's client trust account. Each check contained a notation indicating that it was for some aspect of the SEC action.

Meanwhile, on July 16, 2009, a check from Serota's client trust account was written to Beverage Plus, a company in which Serota had an ownership interest, for $225,000. Despite this misappropriation, Serota continued to accept additional checks from the client until the

---

[2]We previously temporarily suspended Serota from the practice of law pending the outcome of the instant disciplinary proceedings. *In re Discipline of Serota*, Docket No. 54856 (Order of Temporary Suspension, November 18, 2009).

client had paid him the entire amount of the anticipated judgment in the SEC action. On July 28, 2009, a check from Serota's trust account was written to Clean Path Resources, another company in which Serota had an interest, for $94,000. Thus, Serota had misappropriated virtually the entire amount of the judgment prior to having his client sign the consent to entry of judgment on August 3, 2009.

Pursuant to the signed consent, final judgment was entered against Serota's client in the SEC action on September 25, 2009. The final judgment ordered the client to, among other things, pay a total judgment of $319,901.59 within 10 business days. On October 7, 2009, just two days before the judgment was to be paid, Serota admitted his misappropriations to the state bar.

Consequently, the state bar filed a complaint against Serota alleging that his conduct violated RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4 (misconduct). Thereafter, a formal disciplinary hearing was held, at which the state bar put on evidence of Serota's misappropriations and of aggravating circumstances it alleged were present in this matter; the defense focused primarily on mitigating circumstances that it alleged were present.

The disciplinary panel found unanimously that Serota had violated RPC 1.15 and RPC 8.4. It recommended, by a 4-1 vote, that Serota be disbarred and ordered to pay the costs of the proceedings. Consequently, Serota's disciplinary matter was forwarded to us for automatic review pursuant to SCR 105(3)(b).

*Docket Nos. 59551 and 60719*

Bar counsel subsequently filed an original petition pursuant to SCR 111(4), Docket No. 59551, informing this court that Serota was

convicted in the Eighth Judicial District Court of one count of theft, a category B felony pursuant to NRS 205.0832 and NRS 205.0835, for the same conduct underlying the disciplinary proceeding. Thereafter, Serota filed an original petition pursuant to SCR 102(4)(d), Docket No. 60719, seeking dissolution of our November 18, 2009, order of temporary suspension entered in Docket No. 54856.

## DISCUSSION

We review a decision of a hearing panel recommending disbarment automatically. SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Although persuasive, the panel's findings and recommendations are not binding on us. *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884 (2007). Our review is conducted de novo, requiring us to exercise independent judgment to determine whether and what type of discipline is warranted. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The paramount objective of attorney disciplinary proceedings is "to protect the public from persons unfit to serve as attorneys and to maintain public confidence in the bar as a whole." *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 129, 756 P.2d 464, 473 (1988). In determining the proper disciplinary sanction, we consider four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

*The panel's findings are supported by clear and convincing evidence*

We conclude that the panel's findings are supported by clear and convincing evidence. Serota concedes that he violated RPC 1.15, which requires a lawyer, among other things, to safekeep clients' property in the lawyer's possession. Serota's client turned over money to him that was to be paid to the SEC to satisfy a judgment against the client, but instead of safeguarding those funds, Serota misappropriated them for his own purposes. He therefore failed in his duties to safekeep his client's property. Serota also concedes that he violated RPC 8.4(c), which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. In addition to misappropriating the client's funds for his own purposes, Serota allowed the client to sign the consent to entry of judgment despite knowing that he had already misappropriated the money intended to satisfy the judgment. He therefore engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. We conclude that clear and convincing evidence supports the panel's findings that Serota violated RPC 1.15 and 8.4.[3]

*Disbarment is the appropriate discipline*

We further conclude that, considering the four *Lerner* factors, disbarment is the appropriate disciplinary sanction in this case. Serota's conduct in this matter violated duties to his client, the profession, and the

---

[3]Because clear and convincing evidence supports the panel's findings regarding these rules of professional conduct, we need not consider the parties' remaining arguments regarding RPC 3.4 (fairness to opposing party and counsel) or subsection (d) of RPC 8.4 (conduct prejudicial to the administration of justice).

public. We conclude that his conduct was intentional and caused actual injury to his client. The egregiousness of his actions alone justifies disbarment. *See generally* American Bar Association Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, at 455 (2013 ed.) (disbarment is generally appropriate when a lawyer knowingly converts client property causing injury or potential injury).

The presence of aggravating circumstances further supports this conclusion. *See* SCR 102.5(1) (listing examples illustrative of aggravating circumstances). One such circumstance is that Serota has a prior disciplinary offense.[4] SCR 102.5(1)(a). In addition, we agree with the state bar that his conduct evinces a dishonest or selfish motive. SCR 102.5(1)(b). Furthermore, there was a pattern of misconduct where, prior to each misappropriation, Serota accepted several payments from the client beforehand, and hid his misconduct afterwards until its discovery was imminent. SCR 102.5(1)(c). Finally, Serota concedes that he committed multiple offenses. SCR 102.5(1)(d). Even assuming *arguendo* that Serota's conduct did not by itself warrant disbarment, the presence of these aggravating circumstances would justify an increase in the degree of discipline to be imposed. *See* SCR 102.5(1) (aggravating circumstances are "any considerations or factors that may justify an increase in the degree of discipline to be imposed").

---

[4]On August 18, 2008, Serota received a letter of reprimand for violating RPC 1.1 (competence), RPC 3.1 (meritorious claims and contentions), and RPC 5.5 (unauthorized practice of law).

We further conclude that, although there are some mitigating circumstances present in this case, they do not justify a reduction in the degree of discipline to be imposed. *See* SCR 102.5(2) (listing examples illustrative of mitigating circumstances). To begin, Serota's contention that there is an absence of a dishonest or selfish motive is belied by his conduct. SCR 102.5(2)(b). In addition, though his medical condition may have contributed to personal or emotional problems, we conclude that these mitigating circumstances are insufficient to warrant a reduction in discipline in light of the egregiousness of his misconduct. SCR 102.5(2)(c), (h). We further conclude that his claimed mental disabilities are largely uncorroborated and, in any event, he failed to establish a causal connection between them and his misconduct. SCR 102.5(2)(i)(2). Although he was cooperative and self-reported, SCR 102.5(2)(e), discovery of his misconduct was imminent, and thus this does not warrant a reduction in discipline. We conclude that Serota's claimed rehabilitation is not supported by the record. SCR 102.5(2)(k). We further conclude that he failed to demonstrate genuine remorse; instead, on appeal he attempts to blame the victim. SCR 102.5(2)(m). Finally, his claims of having done pro bono and other work to benefit the profession and the community are largely unsubstantiated, and even if established would not warrant a reduction in discipline in light of the seriousness of his misconduct. SCR 102.5(2). Under the circumstances presented here, we conclude that disbarment is the only viable option. We agree with the panel's recommendation in Docket No. 57960 that Serota be disbarred from the practice of law in Nevada.

(0) 1947A

In light of this disposition, we conclude that the other bar matters pending before us regarding Serota have been rendered moot. *Personhood Nev. v. Bristol*, 126 Nev. __, __, 245 P.3d 572, 574 (2010) (court's duty is not to render advisory opinions but to resolve actual controversies by an enforceable judgment); *NCAA v. Univ. of Nev.*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981) (duty of judicial tribunal is to decide actual controversies by a judgment that can be carried into effect, not to give opinions on moot questions or abstract propositions or to declare principles of law that cannot affect the matter at issue). We therefore deny as moot the State Bar's petition in Docket No. 59551 regarding Serota's felony conviction. Likewise, we deny as moot Serota's petition in Docket No. 60719 for dissolution of our order temporarily suspending him from the practice of law.

## CONCLUSION

We conclude that clear and convincing evidence supports the panel's findings that Serota failed to safekeep his client's property, a violation of RPC 1.15, and that he engaged in misconduct, a violation of RPC 8.4. Moreover, the egregiousness of misappropriating $319,000 in client funds warrants disbarment. The presence of aggravating circumstances provides further support for the conclusion that disbarment is the only appropriate discipline in this case. In light of our conclusion that disbarment is the appropriate disciplinary sanction, bar counsel's petition regarding Serota's felony conviction, and Serota's petition for dissolution of our order temporarily suspending him from the practice of law, are denied as moot.

Accordingly, Serota is hereby disbarred from the practice of law in Nevada.[5] If he has not already done so, Serota shall pay the costs of the disciplinary proceedings in the amount of $2,142.75 within 30 days

[5]Serota's motion to set aside the recommendation of disbarment by the board, filed July 7, 2011, in Docket No. 57960 is denied. The State Bar's motion to strike or, in the alternative, opposition to Serota's motion to set aside the recommendation of disbarment by the board, filed July 20, 2011, in Docket No. 57960 is therefore denied as moot.

Serota has communicated to this court by way of several letters addressed to the clerk of the court. He is admonished that any request for relief from this court must be presented by way of a formal, written motion, not by way of a letter addressed to the clerk of the court. *Weddell v. Stewart*, 127 Nev. ___, ___ n.8, 261 P.3d 1080, 1085 n.8 (2011). In addition, Serota's briefs in Docket No. 57960 contain numerous factual assertions not supported by references to the record and references to facts that are outside the record altogether. This is improper, and we disregard such references. *See* NRAP 28(e)(1); SCR 105(3)(b); *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). In addition, Serota has improperly attempted to supplement the record in Docket No. 57960 with exhibits not before the disciplinary panel, which we cannot consider. *See* NRAP 10; NRAP 30(b); SCR 105(3)(b); *State, Dep't of Taxation v. Kelly-Ryan, Inc.*, 110 Nev. 276, 282, 871 P.2d 331, 336 (1994). We direct the clerk of this court to return, unfiled, the document entitled "Appellant's Exhibit Supplement to Reply Brief," provisionally received on October 19, 2011, in Docket No. 57960; we further direct the clerk of this court to strike Exhibits 1-6 from "Appellant's Reply Brief" filed October 21, 2011, in Docket No. 57960.

Finally, on August 4, 2011, Serota filed an opposition to the State Bar's motion to extend the time in which to file the answering brief in Docket No. 57960. At the time the opposition was filed, the extension of time had already been granted; however, it would appear that the documents may have crossed in the mail. Under these unique circumstances, we elect to treat Serota's opposition as a motion for reconsideration of our order granting the requested extension of time, and we deny it. *See* NRAP 31(b)(3)(B); SCR 105(3)(b).

(O) 1947A

from the date of this order. If they have not already done so, Serota and the state bar shall comply with SCR 115 and SCR 121.1.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

(O) 1947A