IN THE MATTER OF DISCIPLINE OF PAUL DROZ.

No. 48331

June 28, 2007                                                   160 P.3d 881

*Paul Droz*, Mesquite, in Proper Person.

---

*David A. Clark*, Bar Counsel, Las Vegas, for State Bar of Nevada.

Before the Court EN BANC.

## OPINION

*Per Curiam:*

This matter concerns our automatic review under SCR 105(3) of a Southern Nevada Disciplinary Board hearing panel's recommendation for professional discipline. The panel recommended that disbarred Utah attorney Paul Droz, who has never been licensed in

Nevada, be enjoined from practicing law in Nevada or appearing in any Nevada court, that he be fined $3,000 and assessed the disciplinary proceeding's costs, and that the state bar be directed to refer this matter to appropriate law enforcement authorities for possible criminal investigation and to report the matter to the Utah and Arizona bars. We conclude that jurisdiction over Droz, as one who actually practiced law in Nevada (although without a license), is proper under SCR 99, and we approve the hearing panel's recommendations.

## FACTS

Droz was admitted to the Utah bar in 1978. On June 1, 2006, he was disbarred in Utah, based on misconduct in connection with three matters. In those matters, Droz accepted retainers from clients but then failed to perform the requested services and failed to return or account for the unearned retainers. Droz neither responded to the Utah disciplinary authorities' inquiries nor appeared at the Utah disciplinary hearing.

After his Utah clients complained to the Utah disciplinary authorities, but before the Utah formal disciplinary complaint was filed, Droz rented office space in Mesquite, Nevada, and proceeded to continue his misconduct with respect to at least six matters. In four matters, Droz misrepresented to Nevada clients that he was a licensed Nevada lawyer, accepted retainers, and then failed to perform work for these clients. In one of these matters, Droz also obtained the pleading paper of a Nevada lawyer with whom he shared office space and forged that lawyer's signature to an answer filed in district court. With respect to the other two matters, the record indicates that Droz participated in a scheme to defraud banks and credit card issuers, as well as borrowers and credit card holders, by obtaining sham "arbitration awards" that purported to relieve the debtors from their obligations without filing for bankruptcy and that purported to assess "damages" against the lenders.

A formal disciplinary complaint was filed by Nevada bar counsel on April 18, 2006, shortly before the Utah disbarment order was entered. Droz was charged with one violation of SCR 153 (diligence), two violations of SCR 154 (communication), four violations of SCR 165 (safekeeping property), one violation of SCR 172 (candor toward the tribunal), six violations of SCR 181 (truthfulness in statements to others), two violations of SCR 184 (respect for rights of third persons), six violations of SCR 189 (unauthorized practice of law), six violations of SCR 195 (communications concerning a lawyer's services), five violations of SCR 200(2) (failure to respond to disciplinary authority), two violations of SCR 203(2) (criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as a lawyer), six violations of SCR

203(3) (conduct involving fraud, deceit, dishonesty, or misrepresentation), and two violations of SCR 203(4) (conduct prejudicial to the administration of justice).[1]

The state bar's early correspondence concerning the grievances was served upon Droz at his Mesquite office address, which was also the address on file with the Utah bar, and, on one occasion, at his residence address as listed on his joint petition for divorce, filed in the Eighth Judicial District Court. But the state bar was unable to effect personal service of the formal discipline complaint upon Droz at either of these addresses, and so the state bar hired an investigator in an attempt to locate Droz. The investigator was unable to confirm Droz's whereabouts, although some information indicated that Droz may have gone to Scottsdale, Arizona. The investigator also located Droz's son in Utah, who indicated that he had not heard from his father in a few months and did not know where he was. The state bar eventually served the complaint by sending it via certified mail, return receipt requested, to the Mesquite office address, in accordance with SCR 109(1).[2] Droz failed to file an answer, and bar counsel filed a notice of intent to proceed on a default basis; this notice was also sent via certified mail to Droz's Mesquite office address. Droz failed to respond. Notice of the formal hearing was served the same way. Droz failed to appear for the hearing.

The hearing panel considered the complaint's allegations to have been deemed admitted under SCR 105(2),[3] and it proceeded to consider what discipline could be imposed since Droz was not licensed in Nevada. The panel eventually decided on a recommendation to this court that Droz be barred from ever being admitted to the Nevada bar, that he be enjoined from practicing law in Nevada or appearing in any Nevada court, that he be fined $500 per count, for a total of $3,000, and that he be assessed the costs of the discipline proceeding, in the amount of $987.45. It also recommended that the state bar be directed to refer the matter to the appropriate law enforcement agencies for possible criminal proceedings and to report the matter directly to the Arizona and Utah bars. Our automatic review of the panel's recommendation followed. Droz failed to file a brief or otherwise contest the panel's recommendation.

---

[1]The former version of the Supreme Court Rules governing professional misconduct are cited in this opinion, since Droz's actions occurred before they were renumbered and amended in 2006. *See Nevada Pay TV v. District Court*, 102 Nev. 203, 205 n.2, 719 P.2d 797, 798 n.2 (1986), *superseded by rule as acknowledged in State, Dep't Mtr. Veh. v. Dist. Ct.*, 113 Nev. 1338, 948 P.2d 261 (1997).

[2]The rules governing procedure in lawyer discipline cases were amended effective March 1, 2007. Since the formal complaint in this matter was filed before that date, the former version applies. *See* SCR 122 (2006).

[3]*See supra* note 2.

## DISCUSSION

In deciding this case, we must first address the issue of Nevada's jurisdiction over Droz, who is not admitted to practice law in this state. If jurisdiction is proper, then we must determine whether the panel's findings are supported by clear and convincing evidence and whether the recommended discipline is appropriate.

*Jurisdiction*

SCR 99(1) provides, in pertinent part, "Every attorney . . . practicing law here, whether specially admitted or not, is subject to the exclusive disciplinary jurisdiction of the supreme court and the disciplinary boards and hearing panels created by these rules." Other jurisdictions with similar rules have uniformly held that a lawyer not admitted in the jurisdiction, but who nevertheless practiced law in that jurisdiction, is properly subject to discipline where he or she practiced.[4]

We recognize that NRS 7.285 prescribes criminal penalties for the unauthorized practice of law. But as a practical matter, such a complaint to law enforcement, which is also responsible for investigating matters such as violent crimes and drug offenses, would almost certainly be accorded a lower priority. Given this lower priority, by the time law enforcement could devote resources to an unauthorized practice of law complaint, several more clients could be harmed. Also, while NRS 7.285(3) permits the state bar to file a civil action and seek an injunction against a person engaging in the unauthorized practice of law, this court, as the ultimate authority over attorneys as officers of the court, has a special interest in enforcing its rules governing the legal profession.[5] And although an injunction as provided in NRS 7.285(3) may prevent future harm, it cannot punish past misconduct.

---

[4]*See In re Bagdade*, 334 F.3d 568 (7th Cir. 2003); *In re Murgatroyd*, 741 N.E.2d 719 (Ind. 2001); *Matter of Fletcher*, 655 N.E.2d 58 (Ind. 1995); *Kentucky Bar Ass'n v. Shane*, 553 S.W.2d 467 (Ky. 1977); *see also Lawyer Disciplinary Bd. v. Allen*, 479 S.E.2d 317, 335-36 (W. Va. 1996) (applying the jurisdictional rule existing at the time of the alleged conduct, respondents did not "regularly" practice law in West Virginia and thus could not properly be sanctioned, but noting that under the new rule, requiring only the "practice of law," respondents would be subject to sanctions). We note that this court reached a similar conclusion in *Waters v. Barr*, 103 Nev. 694, 747 P.2d 900 (1987).

[5]SCR 39 ("Attorneys being court officers and essential aids in the administration of justice, the government of the legal profession is a judicial function. Authority to admit to practice and to discipline is inherent and exclusive in the courts. [The Supreme Court Rules] are the exclusive rules for the governing of the legal profession in Nevada."); NRS 7.275(1) ("The State Bar of Nevada, a public corporation heretofore created by statute, is hereby continued under the exclusive jurisdiction and control of the Supreme Court.").

Moreover, Droz's actions clearly illustrate why this court should exercise jurisdiction over his conduct: Droz is already disbarred in Utah and so very little more disciplinary action could be imposed upon him there, and his misconduct affected several Nevada citizens, a Nevada lawyer, and the Nevada court system. Droz has apparently fled the jurisdiction, and so an injunction at this point would be ineffective. Criminal penalties against Droz are likewise of questionable effect, at least unless and until he is located and subject to arrest.

Accordingly, while the sanctions to be imposed must be tailored to Droz's lack of a Nevada law license, this court has jurisdiction to impose professional discipline upon him and should exercise that jurisdiction.

### Panel's recommendation

As we recognized in *In re Stuhff*, "[t]hough persuasive, the [panel's] findings and recommendations are not binding on this court. This court must review the record de novo and exercise its independent judgment to determine whether and what type of discipline is warranted."[6] The panel's misconduct findings must be supported by clear and convincing evidence.[7] Having thoroughly reviewed the record, we conclude that clear and convincing evidence supports the panel's findings.[8]

We turn to the panel's recommended discipline. The Indiana Supreme Court has noted that, while a law license issued by California was not subject to sanction by the Indiana court, the Indiana court "may impose penalties appropriate to punish or prevent misconduct that occurs in Indiana."[9] Examples of penalties considered or imposed by other courts in situations similar to this case include public reprimands, a temporary or permanent prohibition on future admission, including pro hac vice admission, injunctive relief, contempt sanctions, fines, and payment of costs.[10]

Here, the hearing panel recognized the limitations on the discipline it could impose, since Droz does not have a Nevada law license. Thus, it tailored its recommendations to the specific facts. First, the panel recommended that this court enjoin Droz from practicing law in Nevada or appearing in any Nevada court. This recommendation is appropriate.

---

[6]108 Nev. 629, 633, 837 P.2d 853, 855 (1992).

[7]*In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

[8]*See* SCR 105(2)(e).

[9]*Murgatroyd*, 741 N.E.2d at 722; *see also Bagdade*, 334 F.3d at 571-72.

[10]*See Bagdade*, 334 F.3d at 571-72; *Murgatroyd*, 741 N.E.2d at 722-23; *Fletcher*, 655 N.E.2d at 61; *Shane*, 553 S.W.2d at 468.

Second, the panel recommended a fine of $500 per count, for a total of $3,000. In light of the harm caused by Droz to this state's justice system and to several Nevada citizens, a $3,000 fine is warranted.

Third, in view of the apparently criminal nature of Droz's fraudulent arbitration scheme, the panel recommended that the matter be referred to the appropriate law enforcement authorities. We agree that a referral to law enforcement is appropriate. While the panel specifically mentioned only state and county authorities, however, we conclude that bar counsel should provide the information to federal authorities as well, since credit card issuers and banks are both subject to federal regulation, and thus, Droz's actions may come within federal jurisdiction. Accordingly, this recommendation, with one slight modification, is proper.

Finally, the panel recommended that bar counsel be directed to provide a copy of this court's opinion directly to the Utah and Arizona bars. Again, the panel's recommendation is warranted. If Droz has in fact relocated to Scottsdale, he may very well be perpetrating similar misconduct there, and so expedited notice to Arizona is proper. Also, since Droz was licensed in Utah, that state also has a particular interest in this matter.

In sum, we conclude that the panel's recommended discipline is appropriate "to punish or prevent misconduct that occurs" in Nevada, and that it should be approved, with the one slight modification noted above.

Accordingly, Paul Droz is prohibited from practicing law in Nevada and from appearing in any Nevada court. Additionally, Droz shall pay the costs of this disciplinary proceeding and a fine of $3,000. Further, we direct the state bar to refer this matter to any appropriate federal, state, or county law enforcement authorities for possible criminal investigation. We also direct the state bar to serve a copy of this opinion upon the Utah and Arizona bars. Finally, the state bar shall serve a copy of this opinion upon Droz at his last-known address.[11]

---

[11]The state bar shall also send a copy of this opinion to Droz's son, for transmission to Droz in the event he contacts his son.