**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STANLEY A. WALTON, BAR NO. 4784.

No. 64914

**FILED**

JUN 11 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a decision of a hearing panel of the Southern Nevada Disciplinary Board, recommending that attorney Stanley A. Walton be disbarred from the practice of law in Nevada. *See* SCR 105(3)(b).

The events leading up to this recommendation involve Walton's misconduct, including misappropriation of client funds, failure to adequately represent clients, fraud, deceit, and illegal conduct. The State Bar filed 5 formal complaints against Walton, alleging 35 violations of the Rules of Professional Conduct. Despite receiving ample notice of the proceedings against him, Walton failed to defend against the charges.

The panel found that Walton violated RPC 1.1 (competence), RPC 1.3 (diligence) (two violations), RPC 1.4 (communication) (two violations), RPC 1.5 (fees) (two violations), RPC 1.7 (conflict of interest: current clients), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property) (eight violations), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary

matters) (five violations), and RPC 8.4 (misconduct) (seven violations). The panel also found the following aggravating factors, pursuant to SCR 102.5: dishonest or selfish motive; a pattern of misconduct; multiple offenses; bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders; submission of false evidence, false statements, or other deceptive practices during the disciplinary hearing; refusal to acknowledge the wrongful nature of his conduct; vulnerability of victim; substantial experience in the practice of law; indifference to making restitution; and illegal conduct. The panel found no mitigating factors. Based on these findings, the panel recommended that Walton be disbarred from the practice of law in Nevada and that he be required to pay the costs of the disciplinary proceeding.

A decision of a panel of the Southern Nevada Disciplinary Board recommending disbarment is subject to automatic review by this court. SCR 105(3)(b). Although persuasive, the panel's findings and recommendations are not binding on this court. *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884 (2007). "'This court must review the record de novo and exercise its independent judgment to determine whether and what type of discipline is warranted.'" *Id.* at 168, 160 P.3d at 884-85 (quoting *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992)). The panel's findings of misconduct must be supported by clear and convincing evidence. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

SCR 105(2) provides that if an attorney fails to plead in response to a State Bar complaint, the charges shall be deemed admitted. We conclude that the allegations in the third, fourth, and fifth complaints

are deemed admitted.[1] We further conclude that clear and convincing evidence supports the panel's findings. Finally, we conclude that the State Bar's recommended discipline is appropriate in light of the severe nature of Walton's misconduct.

Accordingly, we disbar Walton from the practice of law in Nevada. Such disbarment is irrevocable. *See* SCR 102(1). Further, Walton shall pay the costs of the disciplinary proceedings within 30 days of receipt of the Nevada State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

---

[1]Walton filed answers to the first and second complaints denying any misconduct. He failed to respond to these matters once this court remanded them for further development. Nevertheless, this court reviewed the answers prior to deciding this matter. He also failed to answer the third, fourth, and fifth complaints or attend the disciplinary hearing.

cc: Jeffrey R. Albregts, Chair Southern Nevada Disciplinary Panel
David Clark, Bar Counsel
Stanley A. Walton
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court