# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBIN W. ENOS, ESQ., CALIFORNIA
BAR NO. 152612.

No. 61883

**FILED**

JUL 31 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF INJUNCTION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's recommendation that former California attorney Robin W. Enos be enjoined from practicing law in Nevada, that he be fined $5,000, and that he pay the costs of the disciplinary proceedings.[1] The panel's recommendation was based on its conclusion that Enos violated RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.4 (misconduct). Enos did not appear at the disciplinary hearing, nor has he filed a brief or expressed any intention to contest the panel's findings and recommendations in this matter.

The record reflects that Claudio Gonzalez went to the Las Vegas office of a company advertising assistance in obtaining loan

---

[1]The record indicates that in 2011, Enos resigned from the California bar with disciplinary charges pending. Although Enos is not licensed to practice law in Nevada, this court has jurisdiction to impose professional discipline on him. *See* SCR 99(1); *In re Discipline of Droz*, 123 Nev. 163, 167-68, 160 P.3d 881, 884 (2007).

14-25122

modifications. Gonzalez sought such a modification and paid fees for those services by writing two checks payable to Enos. On a subsequent visit to the office, Gonzalez discovered that the office was out of business and left no forwarding address. When Gonzalez contacted the Nevada State Bar, he learned that Enos was not licensed to practice law in this state.

In response to the bar's investigation of Gonzalez's grievance, Enos wrote a letter stating that Gonzalez was never his client and that he had no office in Las Vegas. He also stated that the loan modification company was owned by another person, who is not an attorney. Enos admitted that he was general counsel for the loan modification business, and that he held fees paid to the company in his trust account. Enos claimed that he tried to mediate the disagreement between Gonzalez and the company owner, and that, ultimately, no modification was obtained for Gonzalez.

The bar subsequently filed a complaint against Enos, alleging the foregoing and that Enos had committed misconduct in Nevada. The complaint also alleged that Enos's biographical information appeared on the loan modification company's website, and that Gonzalez never received a refund from the loan modification company and ultimately lost his home. When Enos failed to timely file an answer or otherwise respond to the complaint, the bar served him notice that, if he did not file an answer, it intended to proceed on a default basis and all charges against him would be admitted. SCR 105(2) ("In the event the attorney fails to plead, the charges shall be deemed admitted."). Enos failed to respond to the notice and failed to appear at the subsequent disciplinary panel hearing.

When imposing discipline on an attorney who is not licensed in this state, sanctions must be tailored accordingly. *Droz*, 123 Nev. at

168, 160 P.3d at 884. Appropriate sanctions in such circumstances include injunctive relief, fines, and payments of costs. *Id.* at 168, 160 P.3d at 884-85.

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We further determine that the sanctions recommended by the disciplinary panel are warranted. *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). We therefore approve the panel's recommendation. Enos is hereby enjoined from practicing law in Nevada or appearing as counsel before any tribunal in Nevada; Enos is required to petition this court to lift this injunction prior to being eligible to practice law in Nevada or appear in any Nevada court. Within 90 days from the date of this order, Enos shall pay a fine of $5,000 and the costs of the disciplinary proceeding to the state bar.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Robin W. Enos
Perry Thompson, Admissions Office, United States Supreme Court