**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE OF JUDITH H. BRAECKLEIN, BAR NO. 3322.

No. 66015

**FILED**

OCT 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND AND IMPOSITION OF CONDITIONS

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that attorney Judith Braecklein violated multiple Rules of Professional Conduct and its recommendation that she be issued a public reprimand along with the imposition of various conditions.

This disciplinary proceeding involves a complaint comprised of two counts filed by the state bar, only one of which resulted in the hearing panel finding misconduct and recommending discipline.[1] This count is based on an order from this court that referred Braecklein to the state bar for investigation. Braecklein was representing a client in a post-conviction writ of habeas corpus, docketed in November 2011. Braecklein failed to

---

[1]The hearing panel concluded that the state bar failed to prove by clear and convincing evidence that misconduct warranting the imposition of discipline had occurred in count two. We conclude that clear and convincing evidence supports the hearing panel's recommendation and that no discipline is warranted in regard to the second count of the complaint.

14-36483

meet multiple deadlines, which resulted in this court issuing orders imposing conditional sanctions. Initially, Braecklein failed to timely file the rough draft transcript request form. After the conditional sanctions order was issued, she filed the form and the sanctions were vacated. She also informed the court that the district court had granted the client's proper person motion to discharge her as counsel, but she stated that she would provide the fast track statement and appendix as had been directed by this court. She was given multiple extensions of time to do so, but failed to file the required documents. This resulted in another order imposing conditional sanctions. After she again failed to file the documents, this court issued an order to appear and show cause that required Braecklein to appear for a hearing before the court. Braecklein complied and this court issued an order that no further sanctions would be imposed and gave her a further extension of time to file the fast track statement and appendix. She sought another extension, which was denied but she was provided ten additional days to file the documents. When she failed to comply, another order was issued giving another deadline for filing the documents and which stated that failure to comply would result in removal as counsel, referral to the state bar, and prohibition from practicing before this court. She again failed to comply, and this court issued the order imposing the sanctions.

The disciplinary panel found that Braecklein violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 3.2 (expediting litigation), and RPC 8.1(b) (bar admission and disciplinary matters). The panel found several aggravating and mitigating factors in regard to this count. As aggravating factors, the panel found: (1) prior disciplinary offenses; (2) a pattern of misconduct; (3) multiple offenses; (4) vulnerability of victim;

and (5) substantial experience in the practice of law. *See* SCR 102.5. In mitigation, the panel found an absence of dishonest or selfish motive, personal problems, cooperative attitude towards the proceedings, and remorse and remoteness of prior offenses. *Id.*

Based on these findings, the panel recommended that Braecklein: (1) be issued a public reprimand; (2) be required to take an additional ten hours of continuing legal education (CLE) relating to law office management each year for the next two years; (3) obtain a mentor that is approved by the state bar and who will be responsible for providing quarterly reports to the state bar for the next two years; (4) refrain from providing any pro-bono services for the next two years; (5) refrain from practicing before the Nevada Supreme Court for the next two years; and (6) pay the state bar costs of the disciplinary proceedings, pursuant to SCR 120, within 30 days.

Although persuasive, the findings and recommendations of a panel of the Southern Nevada Disciplinary Board are not binding, and this court's automatic review of a panel's decision is conducted de novo. SCR 105(3)(b); *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884-85 (2007). The panel's findings of misconduct must be supported by clear and convincing evidence. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings that Braecklein committed the violations alleged. *See* SCR 105(2)(f). We further conclude that the panel's recommended discipline is appropriately tailored to Braecklein's misconduct, and we approve the recommendation, except as to one condition. We reject the recommended condition that Braecklein

refrain from providing any pro-bono services for the next two years. The obligation to perform pro-bono services is an ethical duty, and therefore it is inappropriate to prohibit the performance of pro-bono services as a disciplinary condition.

Accordingly, Braecklein is hereby publicly reprimanded for her misconduct. Additionally, Braecklein is required to take an additional ten hours of CLE relating to law office management each year for the next two years, obtain a mentor that is approved by the state bar and who will be responsible for providing quarterly reports to the state bar for the next two years, refrain from practicing before this court for the next two years, and pay the state bar costs of the disciplinary proceedings, pursuant to SCR 120, within 30 days of receipt of a bill of costs from the State Bar.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SAITTA, J., concurring in part and dissenting in part:

While I concur with the majority in concluding that clear and convincing evidence supports the panel's findings that Braecklein committed the violations alleged, I dissent from the discipline imposed. Braecklein has already been subject to prior discipline involving reprimands on multiple occasions in the past. Accordingly, more severe discipline is now appropriate based on her continued misconduct. I would impose a six-month suspension from the practice of law, along with further discipline that she refrain from providing pro-bono services for an additional six months. While I agree that pro-bono service is an important ethical duty of an attorney, it is unhelpful if the client is harmed by the attorney's conduct while providing pro-bono services, which is what occurred in this matter. Instead, based on the six-month suspension and further six-month refrain from providing pro-bono services, I would additionally require that Braecklein pay $500 to an organization or group that provides pro-bono services, similar to the contribution amount recommended under RPC 6.1(a)(3)(ii) for attorneys to contribute per year if they do not provide pro-bono services.

_____, J.
Saitta

cc: Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Judith H. Braecklein
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A