An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JAMES E. HERBE, BAR NO. 9583

No. 63150

**FILED**

NOV 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that attorney James Herbe violated multiple Rules of Professional Conduct and its recommendation that Herbe be suspended for two years.

The hearing panel considered two complaints based on four grievances lodged against Herbe. The alleged violations in the complaint stem from Herbe's conduct and handling of various cases while employed at the firm of Black & LoBello. Herbe neither answered the complaints nor attended the hearing. Thus, the allegations in the complaints were deemed admitted and the hearing occurred in default.

The hearing panel found, by clear and convincing evidence, that Herbe violated RPC 1.1 (competence), RPC 1.3 (diligence) (two violations), RPC 1.4 (communication), RPC 1.7 (conflict of interest: current clients), RPC 1.15 (safekeeping property), RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobey an obligation under the rules of a tribunal), RPC 8.1 (bar admission and disciplinary matters) (two violations), and RPC 8.4 (misconduct) (three violations). The panel

recommended that Herbe be suspended for two years and be required to pay the costs of the disciplinary proceedings within six months of receipt of the bill of costs.

Although persuasive, the findings and recommendations of a panel of the Southern Nevada Disciplinary Board are not binding, and this court's automatic review of a panel's decision is conducted de novo. SCR 105(3)(b); *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884-85 (2007). The panel's findings of misconduct must be supported by clear and convincing evidence. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings that Herbe committed the violations alleged. *See* SCR 105(2)(f). We further conclude that the panel's recommended discipline is appropriately tailored to Herbe's misconduct, and we approve the recommendation in its entirety.

Accordingly, attorney James Herbe is hereby suspended from the practice of law for two years. However, we note that Herbe is currently suspended for failure to meet his Continuing Legal Education (CLE) requirements, and has been so suspended since July 2010. *See In re Application of the Bd. of Continuing Legal Educ.*, Docket No. 56143 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, July 21, 2010). In light of this, the suspension imposed in the instant order will not commence until after Herbe resolves his CLE suspension. *See* SCR 213. As such, by the time Herbe is eligible to petition for reinstatement, he will have been continuously suspended for five years or more. Therefore, Herbe shall provide proof of successful completion of the Nevada State Bar

Examination, including the Multistate Professional Responsibility Examination, prior to any petition for reinstatement. *See* SCR 116(5). Herbe shall pay the costs of the disciplinary proceedings within six months of receipt of the State Bar's bill of costs. *See* SCR 120. Upon any attempted reinstatement, Herbe shall comply with SCR 116. Additionally, Herbe shall comply with SCR 115 and the State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Hardesty

_____, J.          _____, J.
Parraguirre                                   Douglas

_____, J.          _____, J.
Cherry                                         Saitta

cc:     Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
        David A. Clark, Bar Counsel
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        James E. Herbe
        Perry Thompson, Admissions Office, United States Supreme Court