**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM A. HUSTWIT, CALIFORNIA
BAR NO. 43439.

No. 67784 **FILED**



SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER OF INJUNCTION AND APPROVING DECISION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that William A. Hustwit violated multiple Rules of Professional Conduct and its recommendation of discipline.

Hustwit, a California licensed attorney, is a partner in the Nevada law firm Hustwit & Lombino, Ltd. Hustwit entered into an agreement with Premiere One Holdings (POH) to assist POH in quieting title to properties POH purchased at auction. Hustwit represented to POH that he had a bank contact who could assist POH in settling mortgages on properties owned by the bank in bulk at a deeply discounted rate. POH wired $117,500 to Hustwit's trust account for the purchase of two properties. Subsequently, Hustwit represented to POH that the bank would not offer deep discounts on only two properties and that POH would have to purchase at least ten properties to get the discounted rate. POH wired $333,500 to Hustwit's trust account for the purchase of an additional eight properties. However, POH never received the deeds of trust on any of the ten properties, and, despite several demands for a refund of the $451,000, Hustwit never refunded the money to POH.

15-29504

Further, Hustwit did not respond to inquiries from the State Bar or file a timely and proper answer. Based on this information, the State Bar filed a complaint alleging violations of the following rules of professional conduct: RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). Hustwit was served with the complaint and notice of the hearing date and time, but he did not appear at the hearing. The panel concluded that the violations alleged in the complaint were established by clear and convincing evidence.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff,* 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer,* 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Huswit committed the violations charged. *In re Discipline of Drakulich,* 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). After reviewing the record of the disciplinary proceedings in this matter, we conclude that clear and

convincing evidence supports the panel's findings that Hustwit committed violations of RPC 1.4, 1.5, 1.15, 8.1(b),[1] and 8.4.

When imposing discipline on an attorney who is not licensed in this state, sanctions must be tailored accordingly. *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884 (2007). Appropriate sanctions in such circumstances include injunctive relief, fines, and payments of costs. *Id.* at 168, 160 P.3d at 884-85. We conclude that the panel's recommended discipline in this matter is appropriate considering the aggravating factors (dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, indifference to making restitution, illegal conduct), SCR 102.5(1), and the mitigating factor (lack of prior disciplinary history), SCR 102.5(2), identified by the panel.

Accordingly, William A. Hustwit is hereby permanently enjoined from the practice of law in Nevada. Further, he is required to (1) pay restitution to Premiere One Holdings in the amount of $451,000, (2) pay $50,000 to the State Bar of Nevada Client Security Fund, and (3) pay

---

[1]Based on the panel's factual findings concerning Hustwit's failure to respond to inquiries from the State Bar and his submission of an untimely and unverified answer, it appears that the panel's conclusion that Hustwit violated RPC 8.1(a) is a typographical error and that it intended to find a violation of RPC 8.1(b), for which there is clear and convincing evidence in the record to establish a violation.

the costs and staff salaries associated with the disciplinary proceedings within 30 days of his receipt of the State Bar's bill of fees and costs.[2]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre               Douglas

_____, J.        _____, J.
Cherry                     Saitta

_____, J.        _____, J.
Gibbons                    Pickering

cc: Chair, Southern Nevada Disciplinary Board
  William A. Hustwit
  Bar Counsel, State Bar of Nevada
  Kimberly Farmer, Executive Director, State Bar of Nevada
  Perry Thompson, Admissions Office, United States Supreme Court

---

[2]The panel also recommended that Hustwit refrain from providing any pro-bono services for a two-year period. However, the permanent injunction will preclude him from providing any legal services, including pro-bono services, in Nevada and therefore that condition is unnecessary.