# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE PUBLIC INTEREST LAW FIRM, INC. AND WILLIAM BRECK, ESQ., Appellants,

vs.

STATE BAR OF NEVADA, Respondent.

No. 62135

FILED

FEB 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER BARRING APPELLANTS FROM THE PRACTICE OF LAW IN THE STATE OF NEVADA

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, decision, and order for discipline. Appellant William Breck, Esq. is an Alaska-licensed attorney who, despite the fact he is not licensed to practice law in Nevada, engaged in the practice of law within the state. He founded and operated appellant The Public Interest Law Firm, Inc. (PILF) with non-attorneys. PILF and Breck sought people vulnerable to losing their homes to pay an initial sum and significant monthly amounts to PILF in exchange for legal representation and assistance related to their mortgages. Specifically, Breck and PILF promised clients the opportunity to join a multi-plaintiff lawsuit against their lenders, but no such lawsuit was ever filed. Very little to no legal work was performed on behalf of the majority of PILF's clients even though those clients made payments to PILF.

PILF employed inexperienced Nevada attorneys, listing some of them at various times as the law firm's resident attorney, sometimes without their knowledge. PILF's non-attorneys and Breck utilized the inexperienced attorneys' names and bar numbers, often without the

attorney's knowledge or permission, to provide legal services and to file documents and pleadings. Non-attorneys met with clients, gave legal advice, and supervised and directed the work of PILF's attorneys. Breck and PILF never deposited any client funds into a client trust account, never provided clients with an accounting of the money received and the work done, and never refunded unearned sums.

The panel found that Breck and PILF violated RPC 1.1 (competence), RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 2.1 (advisor), RPC 3.3 (candor), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.18 (duties to prospective client), RPC 4.1 (truthfulness in statements to others), RPC 5.1 (responsibilities of partners), RPC 5.3 (responsibility regarding nonlawyer assistants), RPC 5.5 (unauthorized practice of law), RPC 7.1 (communications concerning lawyer's services), RPC 7.2 (advertising), RPC 7.5a (registration of a multijurisdictional law firm), and RPC 8.4 (misconduct). The hearing panel concluded that it "was unable to find a single mitigating circumstance to apply either to Breck or [PILF]" and that "[t]he circumstances outlined in this matter are exceedingly disturbing and aggravating to an extreme, justifying imposition of the maximum allowable degree of discipline." Thus, the panel recommended that Breck and PILF be forever barred from the practice of law in the State of Nevada and that Breck reimburse the actual costs incurred in the disciplinary proceedings.

The State Bar has the burden of showing by clear and convincing evidence that Breck and PILF committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to

the hearing panel's findings of fact, the same as in other civil cases, *see* SCR 105(3)(a) ("[a]n appeal from a decision of a hearing panel shall be treated as would an appeal from a civil judgment of a district court . . . ."), and thus, we will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, a hearing panel's conclusions of law and recommended discipline are reviewed de novo. SCR 105(3)(b).

As an initial matter, we conclude that this court and the hearing panel have jurisdiction to discipline Breck as he was practicing law and advertising legal services within the State of Nevada. *See* SCR 99 (providing jurisdiction to discipline an attorney "practicing law here, whether specially admitted or not, or whose advertising for legal services regularly appears in Nevada"); *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884 (2007). Second, we conclude that the disciplinary proceedings were conducted in accordance with the Supreme Court Rules and Breck has not demonstrated that his constitutional rights were violated during or by the proceedings. Third, we defer to the hearing panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence Breck and PILF's RPC violations. Because there are no mitigating factors in this matter, we approve the panel's recommendations.

Accordingly, Breck and any entities with which he is associated, now or in the future, are forever barred from the practice of

law in the State of Nevada, whether as a Nevada-licensed attorney, part of a multi-jurisdiction practice, via a petition for admission *pro hac vice*, or in any other manner. *See generally* SCR 102(1) (providing that misconduct is grounds for irrevocable disbarment by this court). Further, PILF is forever barred from participating in any capacity in the practice of law in the State of Nevada, whether as part of a for-profit or a not-for-profit entity, with or without a resident Nevada attorney of record, or via a petition for admission *pro hac vice*. Lastly, Breck shall pay all the costs of the disciplinary proceeding within 30 days from the date of this order. SCR 120(1).

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc: William Breck
Chair, Northern Nevada Disciplinary Panel
Bar Counsel, State Bar of Nevada
King & Russo, Ltd.
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A