# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM F. LEVINGS, COLORADO
BAR NO. 24443.

No. 71048

FILED

DEC 1 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF INJUNCTION

This is an automatic review of the Southern Nevada Disciplinary Board hearing panel's recommendation that this court enjoin Colorado attorney William F. Levings from the practice of law in the State of Nevada.

The record reflects Levings is not licensed to practice law in Nevada but he accepted a Nevada client, Salvador Canas. Canas paid Levings $2,200 to represent him in an administrative appeal of a Removal Order entered by the U.S. Department of Justice, Board of Immigration Appeals (BIA). Levings never filed a brief on Canas' behalf and attempted to substitute another attorney in to represent Canas, but filed the wrong form to do so. Canas' appeal was dismissed and Canas had to obtain new counsel to move to re-open the appeal, which was granted because the BIA concluded that Levings' failure to file the brief was ineffective assistance of counsel. In response to the State Bar of Nevada's investigation, Levings asserted that Canas' appeal was not likely to succeed and that Canas had paid him $2,200 to buy Canas an additional 17 months in the U.S., which he had done.

16-38412

Because Levings failed to respond to the disciplinary complaint or appear at the formal hearing, the allegations in the complaint are deemed admitted. SCR 105(2). Thus, Levings has violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 3.1 (meritorious claims and contentions), and RPC 1.16(b)(1), (c) and (d) (declining or terminating representation). When imposing discipline on an attorney who is not licensed in this state, penalties must be tailored accordingly. *Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 885 (2007). Such penalties may include public reprimands; a temporary or permanent prohibition on future admission, including pro hac vice admission; injunctive relief; contempt sanctions; fines; and payment of disciplinary proceeding costs. *Id.*

We conclude that the panel's recommended discipline in this matter is appropriate considering the underlying misconduct and the aggravating factors identified by the panel: (1) prior disciplinary offense, (2) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, (3) refusal to acknowledge the wrongful nature of the conduct, (4) vulnerability of the victim, (5) substantial experience in the practice of law, and (6) indifference to making restitution. SCR 102.5(1); SCR 105(3)(b) (explaining that this court's automatic review of a disciplinary panel's recommendations is de novo, while its review of the panel's findings of facts is deferential).

Accordingly, William F. Levings is hereby enjoined from practicing law in Nevada or appearing as counsel before any tribunal in Nevada and Levings is required to petition this court to lift this injunction prior to being eligible to practice law in Nevada or appear in any Nevada court. Further, Levings shall pay $2,200 in restitution to Canas, and

within 30 days of this order, pay the costs of the bar proceedings pursuant to SCR 120 in the amount of $2,500 plus the actual cost of the hearing including the court reporter fees. The State Bar shall provide notice of this order to the Board of Immigration Appeals, the United States Department of Justice Immigration Court, the State Bar of Colorado, Levings' last known address, and Fran Levings.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
William F. Levings
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United State Supreme Court