# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF IAN CHRISTOPHERSON, BAR NO. 3701.

No. 71050

FILED

JAN 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic de novo review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for attorney discipline arising from attorney Ian Christopherson's conviction of two counts of tax evasion in the United States District Court, District of Nevada.[1] The panel found that Christopherson violated RPC 8.4(b) (misconduct: committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer"). Based on this violation, the panel recommended that Christopherson be suspended from the practice of law for four years, retroactive from the date of his temporary suspension.

The State Bar has the burden of showing by clear and convincing evidence that Christopherson committed the violation charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). As for the appropriate discipline, this court reviews a disciplinary panel's findings and recommendations de novo "to determine whether and

---

[1]Christopherson has been temporarily suspended from the practice of law, pursuant to SCR 111, since July 24, 2013. *See In re Discipline of Christopherson*, Docket No. 62985 (Order of Temporary Suspension, July 24, 2013).

18-02609

what type of discipline is warranted." *See In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884-85 (2007) (internal quotation marks omitted). Four factors are weighed to determine the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). "There are no fixed standards as to the appropriate penalty in disciplinary actions." *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 219, 756 P.2d 464, 531 (1988). However, when reviewing the panel's recommended discipline, this court will consider "consistency in the imposition of disciplinary sanctions for the same or similar offenses." *ABA Standards for Imposing Lawyer Sanctions* 1.3(3) (1992).

After review of the record and the panel's findings of fact and conclusion of law, we conclude that clear and convincing evidence supports the panel's findings of misconduct and that a four-year suspension with a retroactive start date is appropriate in relation to Christopherson's conduct.[2] *See In re Discipline of Lobello*, Docket No. 69779 (Order

---

[2]We recognize Christopherson's contention that the panel failed to consider whether his federal conviction was obtained unconstitutionally. However, a hearing before the panel was instituted, whereby "the sole issue to be determined [was] the extent of discipline to be imposed." *Christopherson*, Docket No. 62985, at 2. Christopherson stipulated to this fact. Moreover, Christopherson has asserted that he has a pending motion challenging his conviction in federal court. Therefore, the panel did not fail to consider whether Christopherson's federal conviction was obtained unconstitutionally.

We further recognize Christopher's contention that the panel violated his due process rights by adding new aggravating factors as part of its recommendation for discipline that were not included in the parties' stipulated facts. However, Christopherson failed to provide any authority

*continued on next page...*

Approving Conditional Guilty Plea, April 22, 2016) (attorney was convicted of felony tax evasion); *In re Discipline of Whittemore*, Docket No. 66350 (Order of Suspension, March 20, 2015) (attorney was convicted of three felonies related to excessive campaign contributions, making a campaign contribution in the name of another, and causing a false statement to be made to the Federal Election Commission); *In re Discipline of Gage*, Docket Nos. 58640 & 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014) (attorney was convicted of felony obstruction of justice).

Accordingly, we hereby suspend attorney Ian Christopherson for four years from the date of his temporary suspension.[3]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

*...continued*

to support his argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority).

[3]We note that the suspension imposed by this order appears to have been served.

cc: Chair, Southern Nevada Disciplinary Board
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Christopherson Law Offices
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court