# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
CHRISTOPHER G. BECKOM, CA BAR
NO. 306557

No. 81222

FILED

SEP 11 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF INJUNCTION

This is an automatic review of the Southern Nevada Disciplinary Board hearing panel's recommendation that this court permanently enjoin California attorney Christopher G. Beckom from the practice of law in the State of Nevada.

The record reflects that Beckom, a California attorney who is not licensed to practice law in Nevada, filed an application to register his California law firm as a multijurisdictional law firm in Nevada pursuant to RPC 7.5A. The State Bar rejected the first application but accepted Beckom's second application and registered his firm. Thereafter, the resident Nevada attorney for Beckom's law firm withdrew from the firm, telling the State Bar that Beckom had forged the resident attorney's signature on the second application. After being questioned by the State Bar, Beckom stated he would provide information about a new resident Nevada attorney. Beckom neither provided information regarding a new resident Nevada attorney nor communicated with the State Bar thereafter.

Because Beckom failed to respond to the disciplinary complaint or appear at the formal hearing, the allegations in the complaint are deemed

20-33459

admitted.[1] SCR 105(2). Thus, Beckom has violated RPC 7.5A (registration of multijurisdictional law firms) and RPC 8.4(c) (misconduct: engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). When imposing discipline on an attorney who is not licensed in this state, penalties must be tailored accordingly. *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 885 (2007). Such penalties may include public reprimand; a temporary or permanent prohibition on future admission, including pro hac vice admission; injunctive relief; contempt sanctions; fines; and payment of disciplinary proceeding costs. *Id.*

We conclude that the panel's recommended discipline in this matter is appropriate considering the underlying misconduct and the aggravating factors identified by the panel:[2] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct. *See* SCR 102.5(1); SCR 105(3)(b) (explaining that this court's automatic review of a disciplinary panel's recommendations is de novo, while its review of the panel's findings of facts is deferential).

Accordingly, Christopher G. Beckom is hereby permanently enjoined from the practice of law in Nevada. Further, pursuant to SCR 120,

---

[1]The State Bar sent the complaint, the first designation of hearing panel members, and the notice of intent to proceed on a default basis by regular and certified mail to Beckom at the address provided on his RPC 7.5A application for registration of a multijurisdictional law firm. The notice of initial telephone conference, the scheduling order, the order appointing hearing panel chair, the State Bar's initial summary of evidence, and the notice of hearing were sent to Beckom at the same address as well as emailed to him.

[2]The panel found no mitigating factors.

he is required to pay the actual costs of the disciplinary proceedings, totaling $421.94, as stated in the State Bar's memorandum of costs, and $3,000 for administrative costs, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Christopher G. Beckom
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A